Filed 4/16/26  P. v. Dolan CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Lassen)

----

| | |
|---|---|
| THE PEOPLE, | C102930 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. 2024-CR0090348) |
| CHRISTOPHER RYAN DOLAN, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Christopher Ryan Dolan asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Our review indicates that in imposing sentence on defendant, the trial court inadvertently omitted the $300 parole revocation fine contemplated in the plea agreement.  Finding no other arguable error that would result in a disposition more favorable to defendant, we will modify the judgment to impose the parole revocation fine and affirm the judgment as modified.

I

Defendant pleaded no contest to second degree murder and admitted an enhancement allegation that he had been armed with a deadly weapon.  Among other

1

things, the plea agreement informed defendant that the trial court would impose a $300 restitution fine and a corresponding parole revocation fine. The trial court sentenced defendant to 15 years to life in prison for the murder, plus one year for the weapon enhancement. It imposed a $300 restitution fine, a $40 court operations assessment, and a $30 criminal conviction assessment. Defendant did not assert that the fine or the assessments were excessive or that he lacked the ability to pay them. The trial court credited defendant with 55 days of actual time served.

Defendant obtained a certificate of probable cause.

II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Counsel advised defendant of the right to file a supplemental brief within 30 days of filing the opening brief. More than 30 days elapsed and we received no communication from defendant.

Our review of the record disclosed that the trial court did not impose a $300 parole revocation fine under Penal Code section 1202.45.[1] We conclude the omission of the fine was inadvertent and not an exercise of judicial discretion because (1) the parole revocation fine was contemplated in the plea agreement, (2) the trial court could not deviate from the plea agreement it had approved (§ 1192.5), (3) defendant never objected to imposition of a parole revocation fine as contemplated by the plea agreement, and never asserted a constitutional or other challenge to it, and (4) under the circumstances, the trial court was required to impose a parole revocation fine in an amount corresponding to the imposed restitution fine (§ 1202.45; see *People v. Kopp* (2025) 19 Cal.5th 1, 23).

---

[1] Undesignated statutory references are to the Penal Code.

Having undertaken an examination of the entire record, we will modify the judgment to impose a $300 parole revocation fine.  The abstract of judgment need not be amended, however, because it already reflects the $300 parole revocation fine.  Having found no other arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment as modified.

## DISPOSITION

The judgment is modified to impose and suspend a $300 parole revocation fine under section 1202.45.  The parole revocation fine shall remain suspended unless and until defendant's parole is revoked.  The judgment is affirmed as modified.


                                                              /S/
                                                  MAURO, J.



We concur:


_____/S/_____
EARL, P. J.


_____/S/_____
KRAUSE, J.